PER CURIAM.
Jean Luma appeals the summary denial of his postconviction motion to vacate his plea. His motion included a claim that his plea was rendered involuntary by his retained attorney’s advice to him that if he did not take the state’s plea offer, she would not represent him at trial unless he paid her an additional fee. He says that he did not understand that he could get a court-appointed lawyer if he could not afford to pay his private counsel the additional fee, and that he believed that if he did not accept the plea offer he would be sent to prison that very day.
The state’s position is that those allegations are conclusively refuted by the written advice of rights form that Luma acknowledged he read with the assistance of an interpreter. That form advised him that he had a right to counsel and that an attorney would be appointed if he could not afford one.
In State v. Leroux, 689 So.2d 285, 287 (Fla.1996), the court explained that in order to “conclusively refute” a claim that a plea was rendered involuntary by counsel’s conduct, the record must do more than just contain “some evidence contrary to defendant’s claim,” it must be “so inconsistent with the claim so as to ‘conclusively’ rebut it.” We do not think that the record excerpts in this case meet that standard.
The order is therefore reversed and remanded for an evidentiary hearing on this allegation only. We find that the trial court properly denied relief on Luma’s other allegations.
STONE, KLEIN and SHAHOOD, JJ„ concur.